## MEYERS v. COPELAND, Chief of Police et.

Ohio Supreme Court.

No. 20726. Decided Oct. 26, 1927.

#### Opinion Reported In Full

801. MUNICIPAL LAW—291. Constitutional Law—Does an ordinance of a city prohibiting and penalizing the sale of jewelry therin at auction, violate the due process clause of Ohio Constitution? Four Judges hold it does not, and three are of the opinion that Sec. 2, Art. 4 applies, and the concurrence of all but one judge is required. It is held that, there being an insufficient number concurring in a reversal, the judgment of the Court of Appeals must be affirmed.

Error to the Court of Appeals of Hamilton County.

Judgment affirmed.

Mr. Saul Zielonka and Mr. William Jerome Kuertz, Cincinnati, for plaintiff in error.

Mr. John D. Ellis, city solicitor; Mr. Bert H. Long and Mr. Milton H. Schmidt, assistant city solicitors, Cincinnati, for defendants in error.

This cause originated in the court of common pleas of Hamilton county, Ohio, as an injunction suit by a merchant in the city of Cincinnati to restrain enforcement of an ordinance prohibiting an auction sale of jewelry. It is admitted that Meyers was a merchant conducting a jewelry business and that his business was conducted at retail over the counter in the ordinary course of business, but that by

(Continued on page 702)

# Weekly Report of NEW CASES DOCKETED

### Sept. 10, 1927

20753—Geo. F. Hasis et v. The Board of Education of Center Township Rural School District, Mercer county. Motion for Mercer Appeals to certify. J. D. Johnson and B. A. Myers, Celina, for pltff; John W. Loree, Frank L. Kloeb, Celina, and Knepper & Wilson, Columbus, for deft.

### October 19, 1927

20783—Charles Brand v. William C. Safford, Superintendent of Insurance of Ohio; error to Superintendent of Insurance of Ohio. Postlewaite & Bricker, Columbus, pltff; Turner & Younger, Columbus, for deft.

### October 20, 1927

20784—Ernest Auskings v. State of Ohio ex rel. Edith Busenberg; motion for Knox Appeals to certify. W. M. Koons, Mt. Vrenon, for the pltff; F. O. Levering, Mt. Vernon, for deft.

20785—Laura McKinley v. Mary Niderst; motion for Cuyahoga Appeals to certify. McConnell, Blackmore & Cory, Cleveland, for pltff; Paul Howland, Cleveland, for deft.

### October 22, 1927

20786—Jos. W. Gottlieb et v. Wick Rayen Motor Sales & Storage Co; motion for Mahoning Appeals to certify. Geo. Edwards, Youngstown, for pltff; D. F. Kennedy, Youngstown, for deft.

20787—Cleveland Metal Bed Co. v. Isadore Kutz; motion for Cuyahoga Appeals to certify. Wm. M. Rosenzweig, Cleveland, for pltff; Mooney, Hahn, Loeser & Keough, Cleveland, for deft.

20788—Albina Broz, Executor of the estate of John Broz, decd., v. Karel Bilek; motion for Cuyahoga Appeals to certify. Geo. Palda, Cleveland, for pltff; Payer, Minshall, Karch & Kerr, Cleveland, for deft.

### October 25, 1927

20789—Joe Rimedio v. State of Ohio; motion for leave to file petition in error to the Trumbull Appeals. Modarelli & Vermitti, Youngstown, for pltff; L. B. Griffith, Warren, for deft.

# PROCEEDINGS OF SUPREME COURT

### GENERAL DOCKET

#### Wednesday, Oct. 26, 1927

20459—Miami Valley Transit Corporation v Public Utilities Commission; error to the Public Utilities Commission. Order reversed. Marshall, CJ., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur. Jones, J., not participating. Dock. 5 Abs. 269.

20607—Louisville & Nashville Rd. Co. v. Dora B. Green, Admrx.; error to the Court of Appeals of Hamilton county. Petition in error filed as of right dismissed; no debatable constitutional question involved. Day, Allen, Kinkade, Robinson, Jones and Matthias JJ., concur. Dock. 5 Abs. 418.

20720—Hocking Valley R. R. Co. et al. v. Public Utilities Commission; error to the Public Utilities Commission. Order affirmed. Marshall, CJ., Day, Allen, Kiknade, Robinson and Matthias, JJ., concur. Jones, J., not participating. Dock. 5 Abs. 556.

20726—Samuel Meyers v. William Copeland, Chief of Police; error to the Court of Appeals of Hamilton county. Judgment affirmed. Marshall, CJ., Kinkade and Jones, JJ., concur. Dock. 5 Abs. 701.

### MOTION DOCKET

20593—Joseph Angelo v. Annie Angelo. Motion for Belmont Appeals to certify. Proceeding in error dismissed by plaintiff in error at his costs. Dock. 5 Abs. 398.

20616—Frank Tupta et v. Demeter Papp et. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5 Abs. 446.

20618—Baltimore & Ohio Rd. Co. v. J. J. Evans. Motion for Stark Appeals to certify. Overruled. Dock 5 Abs. 446.

20619—William T. Mays et v. Izora Mays. Motion for Montgomery Appeals to certify. Overruled. Dock. 5 Abs. 495.

20621—Industrial Commission of Ohio v. Lillian Ralph. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5 Abs. 471.

20623—O'Brien Hoisting & Contratcing Co. v. William Jenkins. Motion for Cuyahogo Appeals to certify. Overruled. Dock. 5 Abs. 471.

20625—Commonwealth Casualty Co. v. Clifford Headers. Motion for Cuyahoga Appeals to certify. Allowed. Dock. 5 Abs. 471.

20626—Gund Realty Co. v. City of Cleveland, et. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5 Abs. 471.

20629—John Sullivan et v. Mary Cassidy. Motion for Hamilton Appeals to certify. Overruled. Dock. 5 Abs. 471.

20691—Emil Piskula v. William P. Clyne. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5 Abs. 522.

20691—Emil Piskula et v. William P. Clyne. Motion by defendant to quash attempted service of notice. Overruled. Dock. 5 Abs. 522.

20723—James Frantz v. Warren K. Roberts. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5 Abs. 556.

20753—George F. Hasis, et al. v. Board of Education of Center township rural School district, Mercer county. Motion for Mercer Appeals to certify. Overruled. Dock. 5 Abs. 701.

20631—Anton Grdina et v. Loretta Daley. Motion for Cuyahoga Appeals to certify. Dismissed by plaintiff in error without prejudice. Dock. 5 Abs. 471.

20640—Penna. R. R. Co. v. Estella Lapp. Motion for Tuscarawas Appeals to certify. Case settled and motion withdrawn by the plaintiff in error. Dock. 5 Abs. 489.

20607—Louisville & Nashville R. R. Co. v. Dora B. Green, Admrx. Motion for Hamilton Appeals to certify. Dock. 5 Abs. 418.

20607—Louisville & Nashville R. R. Co. v. Dora B. Green, Admrx. Motion by defendant to dismiss petition in error filed as of right. Sustained. Dock. 5 Abs. 418.

(Continued from page 700)

reason of the building where his business had theretofore been conducted being about to be torn down, it was necessary to dispose of a large stock of jewelry within a short time.

An ordinance of the city of Cincinnati prohibits and penalizes the sale of jewelry at public auction within the city of Cincinnati. It is claimed that such prohibition violates the due process clause and deprives jewelry merchants of equal protection of the laws as guaranteed by Article 5 and Article 14 Section 1 of the Ohio constitution. It is further claimed that the ordinance is in violation of Sections 1 and 19 of the Ohio bill of rights.

The court of common pleas and the court of appeals held the ordinance to be valid and denied the injunction. The cause has been filed in this court under claim of right on the ground that it involves an interpretation of the constitution.

Three of the members of this court, Marshall, CJ., Kinkade and Jones, JJ., hold that the ordinance does not violate any of the limitations of the constitution of Ohio; that it does not prohibit the sale of jewelry but only regulates the manner of sale by prohibiting sale in a certain way.

It is within the province of the legislative authority of a municipality in Ohio "to exercise all powers of local self-government and adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws." See Section 3 Article 18 of the Ohio constitution. Manifestly this ordinance is enacted under power to make local police regulations and the courts cannot interfere with such legislative authority of the city unless the court can say that the ordinance had no real or substantial relation to the objects sought to be attained, but is a clear, unmistakable infringement of rights secured by the fundamental law.

In the opinion of three members of this court this ordinance does not so offend. Four members of this court, Day, Allen, Robinson and Matthias, JJ., hold that the ordinance does violate constitutional limitations and interferes with the freedom of contract. Three members of this court, Day, Allen and Robinson, JJ., are of the opinion that the provisions of Section 2 of Article 4 requiring the concurrence of at least all but one of the judges to declare a law to be unconstitutional and void, except in affirmance of a judgment of the court of appeals declaring a law unconstitutional and void, applies to ordinances of municipalities.

There being more than one member of this court holding the ordinance to be constitutional, and there not being as many as four members of this court who hold that an ordinance is not a law who at the same time concur in a judgment of reversal, it follows that there is an insufficient number of judges concurring upon the points of law necessary to a reversal, and the judgment of the court of appeals must be affirmed.

(Marshall, CJ., Kinkade and Jones, JJ., concur.)