Jones, J.
 

 The relator is a common pleas judge of Miami county, Ohio, holding his term of office for the period of six years from February 9, 1925. Prior to and at the time of beginning of his present term of office Section 2253, G-eneral Code, authorized the payment of but $10
 
 per diem
 
 for similar services outside of his own county under assignment by the Chief Justice, but during his present term of office, to wit, on May 11, 1927, said Section 2253, G-eneral Code, was repealed and re-enacted with a provision that a common pleas judge holding court by assignment under Section 1469, General Code, in a county in which he does not reside, should “receive twenty dollars per day for each day of such assignment,” payable out of the treas-' ury of the county to which he was assigned. 112 Ohio Laws, p. 345.
 

 The respondent by his demurrer challenges the constitutionality of the act of 1927, and urges that any act of the Legislature increasing the salary or compensation of a common pleas judge during his term of office is void and in contravention of Section 20, Article II, and Section 14, Article IV, of the state Constitution.
 

 
 *509
 
 Section 20, Article II, provides:
 

 “The General Assembly, in cases not provided for in this Constitution, shall fix the term of office and the compensation o,f all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished.”
 

 Section 14, Article IV, provides:
 

 “The judges of the Supreme Court, and of the court of common pleas, shall at stated times, receive, for their services, such compensation as may be provided by law; which shall not be diminished, or increased, during their term of office; but they shall receive no fees or perquisites, nor hold any office of profit or trust, under the authority of this state, or of the United States.”
 

 Various arguments have been advanced by counsel for the relator in favor of the constitutionality of Section 2253, General Code (112 O. L., p. 345), but we shall allude to one of them only. This act increased the compensation of common pleas judges during their existing terms of office for judicial services rendered outside of the county in which they resided and were elected.
 

 In order to arrive at the proper construction of Section 14, Article IV, above quoted, it is necessary that consideration should be given to the judicial situation at the time this section was incorporated in the Constitution. What did they contemplate when, in 1851, the framers of the Constitution provided that
 
 such compensation
 
 should not be diminished or increased during the term of office?
 

 When the 1851 Constitution was adopted, two provisions were incorporated therein—one relating to the territorial election and jurisdiction of common pleas judges; the other to their compensa
 
 *510
 
 tion and its increase or diminution. The first, Section 3, Article IV, provided that common pleas judges should be elected in district subdivisions and that their territorial jurisdiction should be confined to those districts; while the second, Section 14, Article IV, adopted at the same time, provided that these judges were to “receive, for ■their services, such compensation as may be provided by law.” Here we find two provisions conjoined in our organic law, simultaneously adopted, one limiting the jurisdiction of these judges to fixed and definite districts, the other limiting the amount of compensation which they should receive during their term of office. Obviously, at the time these two sections of the Constitution were adopted, the compensation referred to must have been the compensation for services rendered in districts, which became defined, and in which their jurisdiction was permanent and not transitory. At the time of his election to office, and later, at the threshold of his official incumbency, the judge knew that his territorial jurisdiction was definite and fixed and that his compensation was not contingent, nor dependent upon an extension of his territorial jurisdiction. Obviously, this
 
 per diem
 
 compensation was not the kind of compensation contemplated as not being subject to increase or diminution within the purview of Section 14, Article IV. And, by parity of reasoning, concededly, if the Legislature can increase the
 
 per diem,
 
 amount for such services, it can also diminish it.
 

 "We are of the opinion that the clause preventing the increase or diminution of compensation, found in Section 14, Article IV, refers now, as it mani
 
 *511
 
 festly did prior to the amendment in 1912 of Section 3,- to the legislative increase or diminution of the regular annual compensation attached to the office of common pleas judge of the county and not to the contingent, variable compensation which is paid to the judge for services rendered outside of his county under the provisions of Sections 1469 and 2253, General Code.
 

 This cause is not one coming to us from the Court of Appeals, but is an original action instituted iii this court. Section 2, Article IV", of our state Constitution, provides that “no law shall be held unconstitutional and void by the Supreme Court without the concurrence of at least all but one of the judges, except,” etc.
 

 Three of the seven members of this court are of the opinion that Section 2253, General Code, increasing the compensation of judges during their term, for services in counties other than those for which they are elected, is a valid, constitutional law, and that these judges are entitled to such increased compensation for services of that character.
 

 While members of this court deplore such a constitutional provision—one which permits judicial control over grave constitutional questions by a minority vote—the fault lies, not in the court, but in the constitutional provision which produces such a result.
 

 The demurrer to the petition is overruled, and the writ prayed for will be awarded.
 

 Writ allowed.
 

 Marshall, C. J., and Day, J., concur in the opinion.