J ones, J.
 

 On April 11, 1934, in a former hearing of this case
 
 (ante,
 
 343) this court affirmed the judgment of the Court of Appeals, and’held in effect that the purchase ordinance of the village, and its transactions thereunder, violated Section 6, Article VIII of the state Constitution. The motion to vacate which is now filed is grounded upon the legal contention that since but five judges concurred in a judgment holding the village ordinance to be unconstitutional (two judges not participating), the former judgment is ineffective to declare the ordinance void, because the court is inhibited from so doing by reason of Section 2, Article IV of the state Constitution. That section reads in part as follows: “No law shall be held unconstitu
 
 *355
 
 tionai and void by the supreme court without the concurrence of at least all but one of the judges, except in the affirmance of a judgment of the court of appeals declaring a law unconstitutional and void. ’ ’
 

 The gravamen of the claim of plaintiffs in error is that under the quoted provision the term “law” should be so construed as to include municipal ordinances and should not be so narrowly interpreted as to comprehend legislative enactments only. In their brief' counsel for plaintiffs in error state the question presented as follows: “The fundamental question thus raised by the present decision of five judges as to whether ordinances are ‘laws’ within the meaning of Section 2, Article IV of the Ohio Constitution * * is one on which the opinion of the full bench should be sought * * V’ While this feature of the controversy has been heretofore before this court, there has been no judicial pronouncement carried into any of our syllabi holding that the term “law” comprehends statute law, and not municipal ordinances. Since the personnel of this court has notably changed' in recent years, counsel indicate that they would like the opinion of the present bench upon this important question of constitutional construction. As applied to statute law this court has consistently adhered to the constitutional provision inhibiting it from declaring such law unconstitutional without the concurrence of at least all but one of the judges, except in affirming the judgment of an appellate court declaring the law to be unconstitutional and void; and in the federal field, where the quoted provision contained in Section 2, Article IV, was attacked in the United States Supreme Court, that court held in
 
 State of Ohio, ex rel.
 
 Bryant, v.
 
 Metropolitan Park District,
 
 281 U. S., 74, 74 L. Ed., 710, 50 S. Ct., 228, that our state constitutional provision did not violate the due process clause of the Fourteenth Amendment or deny the equal protection of the laws guaranteed by the federal Constitution.
 

 
 *356
 
 This phase of the case — whether it requires six members of the court to declare an ordinance unconstitutional — has given some tribulation to this court, as shown by the journal entries in the following cases: In
 
 Fullwood
 
 v.
 
 City of Canton,
 
 116 Ohio St., 732, 158 N. E., 171, Judges Day, Allen and Robinson expressed the opinion that the constitutional provisions requiring the concurrence of at least all but one judge to declare a law to be unconstitutional and void applied to municipal ordinances; while Map,shall, C. J., Kinkade, J ones and Matthias, judges, held that a municipal ordinance was not a law within the meaning of the constitutional provision. Later, in the case of
 
 Myers
 
 v.
 
 Copeland, Chief of Police,
 
 117 Ohio St., 622, 160 N. E., 855, the court consisting of the same personnel, expressed the same division of opinion as they did in the
 
 Fullwood case, supra.
 
 Since five members of the present court were not members when those eases were decided we have complied with the indicated wish of counsel by giving reconsideration to the question of the constitutional construction of Section 2, Article IV of the state Constitution, and whether that section applies to ordinances as well as to statute law.
 

 Viewed in the light of its historical effect upon our state jurisprudence, disclosed in the various cases decided by this court, and cited in
 
 Board of Education of City School District of Columbus
 
 v.
 
 City of Columbus,
 
 118 Ohio St., 295, 160 N. E., 898, the adoption of the constitutional provision above noted was unfortunate in one respect — that it permits a statute law to operate in one section of the state while it may be inoperative in another, this depending upon conflicting judgments of the appellate courts in construing statutes to be constitutional or otherwise. Were we to hold that six judges were required to deny the constitutionality of municipal ordinances it would accentuate a situation already anomolous in our juridical system. As one of the minority upholding the constitutional pro
 
 *357
 
 vision, I expressed my condemnation of the provision in the case of
 
 State, ex rel. Jones,
 
 v.
 
 Zangerle, Aud.,
 
 117 Ohio St., 507, at page 511, 159 N. E., 564, as follows: “While members of this court deplore such a constitutional provisión — one which permits judicial control over grave constitutional questions by a minority vote — the fault lies, not in the court, but in the constitutional provision which produces such a result.” And I think this reflects the general sentiment of our bench and bar.
 

 Does the term “law,” found in Section 2, Article IV, comprehend municipal ordinances, and therefore require the concurrence of all but one of our judges in declaring a law unconstitutional? The term “law” permeates the amendments of the Constitution adopted in 1912. It is often used in repeated phrases, such as “Laws may be passed to secure to mechanics” etc.; “Laws may be passed fixing and regulating the hours of labor” etc.; “Laws may be passed for the purpose of providing compensation to workmen” etc.; “Laws may be passed to encourage forestry” etc.; “Laws may be passed providing for the prompt removal from office” etc.; and throughout the entire constitutional amendments then adopted we find frequent repetition of these phrases, disclosing that it was the unquestionable intention of the Constitution makers to apply the term “laws” to legislative -enactments only, and not to municipal ordinances. That this particular provision of Section 2, Article IV, was likewise intended to apply to statute law and not to local municipal laws is shown beyond peradventure by the action of the Constitutional Convention in sending its explanation defining the term “law” to the electors of the state for use in the following election. Near the close of the Convention it adopted a resolution providing that a facsimile of the ballot, with the text of each amendment, accompanied by explanatory matter authorized by the Convention, should be furnished to the people.
 
 *358
 
 The text of Section 2,-Article IY, here under consideration, provided that “No law shall be held unconstitutional and void by the supreme court without the concurrence of at least all but one of the judges, except in the affirmance of a judgment of the court of appeals declaring a law unconstitutional and void.” The explanation accompanying the text defined the term “law” in the following language: “Cases involving constitutional questions may be carried di- , rectly from the court of appeals to the supreme court, but the latter cannot reverse the former and hold a
 
 statute
 
 unconstitutional if more than one of its judges object, but a judgment of the court below holding a
 
 statute
 
 unconstitutional, may be affirmed by a majority of the supreme court. ’ ’ The language employed in the explanation clearly demonstrates that the text of the constitutional provision was intended to comprehend statute law and not municipal law or ordinances. Giving the construction that the Constitution makers intended should be given, it follows that an ordinance of a municipality is not a law within the meaning of Section 2, Article IY, requiring the concurrence of at least all but one of the judges to declare it unconstitutional and void. For the reasons stated the motion to vacate the judgment heretofore rendered will be overruled.
 

 Motion overruled.
 

 Weygandt, C. J., Stephenson,- Matthias, Beyes, ' Zimmerman and Wilkin, JJ., concur