City of Dayton, Appellee, *v.* Adams, Appellant.

[Cite as City of Dayton v. Adams, 3 Ohio App. 2d 126.]

(No. 2901—Decided June 16, 1965.)

*Mr. Harry W. Phillips*, city prosecutor, for appellee.
*Mr. David H. Bailie*, for appellant.

CRAWFORD, J. Defendant, appellant herein, was found guilty and fined for driving at a speed of 35 miles per hour in a 25 mile per hour zone at approximately the 200 block on Salem Avenue in the city of Dayton in violation of Section 304 of the Code of General Ordinances.

The single assignment of error is that the finding of guilty is contrary to law. This assignment is based upon the fact that one of the motor vehicles used in radar detection of defendant's speed was not marked in a distinctive manner or color as provided in Section 4549.13, Revised Code, and that as a consequence, by virtue of Section 4549.14, Revised Code, the two officers participating in the citation of defendant for such violation were incompetent to testify.

Counsel have stipulated that an agreed statement of fact introduced and relied upon in the trial court shall serve as a bill of exceptions on this appeal. Defendant reserved appropriate objections to the competency of the officers to testify.

Accordingly, it is agreed that on November 8, 1964, city of Dayton Police Officers W. K. White and M. Burns (each in distinctive uniform as required by Section 4549.15, Revised Code) were assigned to operate a radar device at the place in question. Officer White operated a police cruiser properly marked. Officer Burns operated an unmarked vehicle to which the radar equipment was attached and from which it derived its power. Officer Burns observed approaching traffic through the rear-view mirror of the vehicle. A radar warning sign was posted approximately 2/10ths of a mile, or 1,100 feet, in advance of the radar device. Both officers and both vehicles, along with the radar equipment, operated as a team in observing defendant's speed, stopping his vehicle and issuing to him a citation through Officer White.

Issues are raised as to whether a citation is the equivalent of an arrest as that term is used in the statutes, and whether the motor vehicle occupied by Officer Burns from which the radar was operated was being used for the exclusive or main purpose of enforcing the motor vehicle or traffic laws. It is our opinion that an affirmative answer should be given to both

questions, and that to hold otherwise would be to indulge in technical refinements of language which are unrealistic and which would violate the spirit of the law involved.

The serious question in the case is whether Sections 4549.-13 and 4549.14, Revised Code, apply in the enforcement of municipal ordinances. These sections pertain to the enforcement of "the motor vehicle or traffic laws of this state."

There is a wide variety of opinion as to whether the word "law," standing alone signifies enactments of a state Legislature in contradistinction to municipal ordinances. The question arises in various ways and in differing circumstances which often appear to have a bearing upon the conclusions reached. We believe we detect a tendency in Ohio to regard the term, "laws," as applying only to acts of the Legislature. See *Village of Brewster* v. *Hill, a Taxpayer* (1934), 128 Ohio St. 354; and *Washington Fidelity National Ins. Co.* v. *Herbert* (1934), 49 Ohio App. 151.

But be that as it may, the sections now under consideration use the term "laws of this state," which, in our opinion, excludes municipal ordinances.

This conclusion is supported by the circumstance that in other sections of the Revised Code the terms "law of this state" or "laws of this state" are used in conjunction with the terms "an ordinance of a municipal corporation" or "ordinances of a municipality," when both state statutes and municipal ordinances were intended to be covered. See Sections 2935.03 and 4511.091, Revised Code.

Furthermore, the Legislature has provided in this latter section (Section 4511.091, Revised Code) in what manner the public shall be advised of the presence and operation of radar detection equipment in the enforcement of the motor vehicle or traffic laws of the state *or* the provisions of any municipal ordinance upon the subject. It is our conclusion that this statute governs the present case, that it was complied with by the officers, and that they were competent to testify.

No error prejudicial to the defendant appearing in the record, the judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

SHERER, P. J., and KERNS, J., concur.