OWEN, Judge.
Plaintiff appeals from a summary judgment for defendant in a suit on an accidental death insurance policy. On the basis of agreed facts, the trial court held that there was no coverage. We affirm.
Plaintiff was the beneficiary of an accidental death policy issued by the defendant on plaintiff’s husband as the insured. While the policy was in effect the insured was killed in the collision of a vehicle in which he was riding as a passenger. At the time of the decedent’s death he was under the influence of intoxicating alcohol but all parties concede that there was no causal connection between such condition and de *711 cedent’s death. The policy contained an exception in the following language:
“EXCEPTIONS
“Death * * * resulting directly or indirectly, wholly or partially from any of the following causes are risks not assumed under this policy:
« íjí ‡
“ * * *
“c. Bodily injury while under the influence of alcohol or drug * *
The sole point on appeal is whether the quoted exception to the insurance policy requires a causal connection between the influence of alcohol and the death of the named insured in order to relieve the insurer of liability.
The policy in this case was issued and delivered March 26, 1956. At that time Chapter 28027, Laws of 1953, was in effect and had been codified as Section 642.031, F.S.1953. Section 642.031(5) (k), F.S.1953, required that any exclusion clause based upon the insured’s intoxication could only he for a loss sustained in consequence of the insured’s being intoxicated. Such a provision, which clearly requires a causal connection between the loss and the intoxication of the insured, is identical to Section 572, Chapter 59-205, Laws of 1959, now codified as F.S.1967, Section 627.0528, F.S.A. Unfortunately for appellant in this case, Section 642.031(15), F.S.1953, while providing for an effective date of October 1, 1953, also allowed a three-year grace period for the issuance and delivery of policies which could have been lawfully issued and delivered prior to October 1, 1953. The policy in the case at bar was of that type and was therefore not affected by the mandatory requirements of Section 642.031 (5) (k), F.S.1953. We are therefore restricted to the language of the policy.
Appellant contends that the clause is ambiguous and under well-established principles must therefore be construed strictly and most strongly against the insurer. While such a rule of construction is required in the event the policy provision is ambiguous, we pretermit further discussion on that point hy holding that the clause is c^ear» simple and unambiguous.
Since the exception clause in the policy was not affected by Section 642.031, F.S. 1953, its clear language leads us to the holding that it was not necessary, in order for the clause to be effective, that there be a causal connection between the insured’s intoxication and his death. The following statement from 10 Couch on Insurance 2d, § 41:456 (1962), appears to be the clear weight of authority on this subject:
“Generally the clause exempting the insurer from liability because of the insured’s intoxication or use of narcotics is so phrased as to exonerate the insurer from liability for injury or death of the insured if the event happens during the time whpn the insured is intoxicated. The reference to the state of intoxication is usually made by the phrase, ‘while the insured is under the influence of intoxicating liquor’, ‘while he is intoxicated’, or ‘while he was physically present in his body alcohol or intoxicating liquors in any degree’. The courts have given full effect to the language of such clauses and have held that they exonerate the insurer from liability for injury or death of the insured regardless of whether or not a causal connection exists between the insured’s intoxication and his injury or death, on the ground that the intoxication clause constitutes a valid condition of the insurance contract, and if the parties thereto agree to be bound by such condition, the courts have no power to rewrite the clause by reading into it the requirement of causal connection.” (Emphasis added)
For cases from other jurisdictions supporting this position, see 13 A.L.R.2d 987. See also 45 C.J.S. Insurance § 785; 29A Am.Jur., Insurance, § 1231; 1A Appleman, Insurance Law and Practice, § 467 (Rev.Ed. 1965). Contra, Outlaw v. Calhoun Life Insurance Company, 1961, 238 S.C. 199, 119 *712 S.E.2d 685; Washington Fidelity National Insurance Co. v. Herbert, 1934, 49 Ohio App. 151, 195 N.E. 492.
The exception clause in the instant case is completely different from the type clause involved in the case of Mason v. Life & Casualty Ins. Co. of Tennessee, Fla.1949, 41 So.2d 153, which excluded coverage where death resulted directly from the use of intoxicating liquors.
Affirmed.
HENSLEY, ROBERT E., Associate Judge, concurs.
CROSS, C. J., dissents, with opinion.