Iannarelli et al., Appellants, *v.* City of Wooster, Appellee.

[Cite as Iannarelli *v.* Wooster (1985), 18 Ohio St. 3d 319.]

(No. 84-1674—Decided July 24, 1985.)

*Kauffman, Eberhart, Cicconetti & Kennedy Co., L.P.A.,* and *Charles A. Kennedy,* for appellants.

*Jonathan J. Downes,* for appellee.

*Per Curiam.* The sole question presented by this appeal is whether the trial court properly dismissed the appellants' appeal for want of jurisdiction. The trial court based its dismissal upon R.C. 2505.07, which generally governs the time period allowed for the perfection of appeals. The relevant portions of R.C. 2505.07 provide:

"After the journal entry of a final order, judgment, or decree has been approved * * *, or after the entry of other matter for review, the period of time within which the appeal shall be perfected *unless otherwise provided by law,* is as follows:

"* * *

"(B) All other appeals shall be perfected within *ten days.*" (Emphasis added.)

The appellants' notice of appeal was found to have been filed with the trial court twenty-three days after the Wooster Civil Service Commission's decision had been rendered. For this reason, the appellants' appeal was dismissed.

After the court of appeals affirmed this dismissal, the appellants ob-

tained new counsel. In *this* appeal, appellants' counsel has correctly pointed out that the ten-day limit imposed by R.C. 2505.07(B) is inapplicable to the instant case because specific time limits "otherwise provided by law" are controlling. R.C. 124.34, which governs appeals of suspensions by members of fire departments, provides in pertinent part: "* * * An appeal on questions of law and fact may be had from the decision of the municipal * * * civil service commission to the court of common pleas in the county in which such city * * * is situated. Such appeal shall be taken within *thirty days* from the finding of the commission." (Emphasis added.)

The appellants' notice of appeal herein, being filed with the trial court twenty-three days after the finding of the civil service commission, was timely filed within the thirty-day period provided by R.C. 124.34. The specific provisions of R.C. 124.34 control over the general provisions of R.C. 2505.07; therefore, the lower courts erred in dismissing the appellants' appeal pursuant to R.C. 2505.07.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.