DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from the judgment of the Erie County Court of Common Pleas which, on November 8, 2007, granted summary judgment in favor of appellees, city of Sandusky, Ohio, ("the city") and Robert Schultz, Director of the Department of Administrative Services for the city, and against appellant, Ross Jenkins, regarding his claim that he was disciplined in violation of his constitutional *Page 2 
rights and in contravention of the Collective Bargaining Agreement ("CBA") in effect between the city and the Sandusky Fire Fighters union Local 327 ("union").[1] For the reasons that follow, we affirm the decision of the trial court, albeit for reasons other than those relied upon by the trial court.
 {¶ 2} Appellant was employed by the city's fire department since April 1986, and was promoted to lieutenant in 1997. Appellant was a union member and subject to the CBA. Appellant was on medical leave, due to back surgeries, from January until June 1, 2002. Prior to returning to work, appellees requested appellant to submit to physical and psychological examinations. The CBA provided that the city "may require an employee to take an examination, conducted by a mutually agreed upon licensed physician, to determine the physical or mental capability to perform the duties of his position." Appellant declined to proceed with the scheduled psychological examination because he did not agree to be examined by the doctor with whom appellees had scheduled the appointment.[2] Appellant declined to proceed with the physical examination because he argued he did not receive 30 days notice, as specified in the CBA. *Page 3 
 {¶ 3} Following a pre-disciplinary hearing in June 2002, appellant received a ten-day unpaid suspension for conduct unbecoming, [3] a 30-day unpaid suspension for insubordination arising from appellant's failure to submit to a psychological examination with the doctor the city selected, and a demotion from lieutenant to firefighter, following his suspensions, as a result of insubordination arising from his failure to submit to the physical examination scheduled by the city. For clarity, we also note that appellant had undergone at least two disciplinary proceedings previously, and had been penalized for his earlier actions.
 {¶ 4} Appellant filed a grievance pursuant to the CBA during the pendency of the June 2002 disciplinary proceedings. The grievance proceeded through four steps of the grievance process specified in the CBA. Appellant's grievance, however, was ultimately found to be without merit on July 24, 2002. The union declined to arbitrate the grievance in accordance with Step 5 of the CBA's grievance procedure. Appellant filed a notice of appeal, via his attorney, with the Civil Service Commission ("commission") on or about August 9, 2002. The commission voted on August 15, 2002, to deny appellant's appeal. Appellant's counsel was informed of the commission's decision in a memorandum dated August 16, 2002. No further legal action was taken by appellant until November 25, 2003, when appellant filed suit in the trial court. *Page 4 
 {¶ 5} In this case, appellant raised constitutional and statutory violations concerning his suspensions and demotion, and alleged violations of the CBA. Due to the federal causes of action included in appellant's original complaint, the city removed the case to the United States District Court, Northern District of Ohio, on December 23, 2003. Appellant was permitted to amend his complaint, and the matter was remanded, pursuant to appellant's request, to the trial court.
 {¶ 6} Concerning his allegations against appellees, appellant alleged in his amended complaint that the city's disciplinary actions against him violated his constitutional and statutory rights pursuant to theFirst and Fourteenth Amendments to the United States Constitution, the Ohio Constitution, and Ohio statutes. Appellant additionally alleged that appellees required him to submit to psychological and physical examinations in contravention of the CBA, and wrongfully disciplined him for failing to submit to those requests. Appellant further alleged that appellees failed to process his grievance in accordance with the CBA.
 {¶ 7} On August 7, 2007, appellees filed a motion for summary judgment, arguing that, pursuant to the CBA, the city had imposed progressive discipline for appellant's acts of insubordination and had just cause for suspending and demoting appellant. In their reply brief, appellees additionally argued that the trial court lacked jurisdiction to hear the matter, and that the case should be dismissed, because appellant failed to file his appeal from the commission's decision to the common pleas court within the 30-day timeframe set forth in R.C. 2505.07. *Page 5 
 {¶ 8} Making no mention of the timeliness of appellant's action against appellees, or its jurisdiction over the matter, on November 8, 2007, the trial court granted appellees' motion for summary judgment on the basis that there was just cause to discipline appellant, that the penalties imposed were progressive, and that appellees abided by the CBA in suspending and demoting appellant. Appellant timely appealed the decision of the trial court and raises the following sole assignment of error on appeal:
 {¶ 9} "The trial court erred to the substantial prejudice of plaintiff-appellant when it entered summary judgment in favor of defendants Schultz and the city of Sandusky."
 {¶ 10} Appellant argues that the trial court erred in granting summary judgment because genuine issues of material fact exist concerning whether appellees conformed to the CBA in disciplining appellant and whether appellees' requests that appellant submit to psychological and physical examinations violated his constitutional rights and statutory law. Specifically with respect to the constitutional violations, appellant argues that he has a right to be free from state-sponsored invasions of his bodily integrity without due process, and that his constitutional rights were violated by "being coerced into submitting to an invasive psychological examination" with an examiner to whom he did not agree. Appellant argues that appellees' assertion that appellant should have submitted to the examinations, and then raised his grievance, denies appellant of his predeprivation right to due process. Appellant further argues that the requirement of a psychological examination violates his Fourth Amendment right against unlawful searches. With respect to the psychological examination in particular, appellant argues that, in applying a *Page 6 
balancing test, this court would determine that the city "had no interest in requiring a psychologist of its demand to examine [appellant]."
 {¶ 11} In response, appellees argue that the trial court lacked jurisdiction because appellant failed to perfect his appeal from the commission to the common pleas court within the 30-day timeframe set forth in R.C. 2505.07. Alternatively, appellees argue that they had just cause to discipline appellant, that the penalties imposed were progressive and in accordance with the CBA, and that they were entitled to summary judgment as a matter of law. Appellant replies that, pursuant to R.C. 4117.10(A), laws pertaining to civil rights are not superseded by a collective bargaining agreement and, therefore, he is entitled to raise his claims of constitutional violations in a separate action, and is not limited to the administrative procedures specified in the statute or the CBA.
 {¶ 12} We find that, contrary to appellees' argument, R.C. 124.34, rather than R.C. 2505.07, governs appeals of suspensions by members of fire departments.[4] Iannarelli v. City of Wooster (1985),18 Ohio St.3d 319, 320. R.C. 124.34(A) states:
 {¶ 13} "The tenure of every officer or employee in the classified service of the state and the counties, civil service townships, cities, city health districts, general health districts, and city school districts of the state, holding a position under this chapter, shall *Page 7 
be during good behavior and efficient service. No officer or employee shall be reduced in pay or position, fined, suspended, or removed, or have the officer's or employee's longevity reduced or eliminated, except as provided in section 124.32 of the Revised Code, and for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of any policy or work rule of the officer's or employee's appointing authority, violation of this chapter or the rules of the director of administrative services or the commission, any other failure of good behavior, any other acts of misfeasance, malfeasance, or nonfeasance in office, or conviction of a felony."
 {¶ 14} Pursuant to R.C. 124.34(B), in case of a reduction or suspension, the appointing authority shall serve the employee with a copy of the order of reduction, suspension, or removal. Within ten days following the city's order, the employee is permitted to file an appeal of the order in writing with the state personnel board of review or the commission. R.C. 124.34(B). Following the decision of the commission, the employee may appeal to the court of common pleas of the county in which the appointing authority is located. The appeal from the commission's decision must be made to the common pleas court within 30 days from the finding of the commission. R.C. 124.34(C).
 {¶ 15} When the right to appeal is conferred by statute, an appeal can be perfected only in the mode prescribed by statute. Zier v. Bureau ofUnemployment Comp. (1949), 151 Ohio St. 123, paragraph one of the syllabus. Compliance with specific and *Page 8 
mandatory requirements governing the filing of such notice is essential to invoke jurisdiction of the common pleas court. Id., paragraph two of the syllabus.
 {¶ 16} Rather than timely filing this case as an appeal from the commission's decision, appellant filed this matter as a new cause of action. Appellant is correct that he maintains his civil rights and has a property interest in his employment; however, we find that appellant's arguments on appeal are inextricably combined with appellees' alleged violations of the CBA. Thus, to the extent that appellant's causes of action are challenges to his suspensions and demotion for conduct unbecoming and insubordination, we find that appellant was required to abide by the administrative appeal process set forth in R.C. 124.34, which he failed to do.
 {¶ 17} We further find that any remaining constitutional violations, that may arguably be independent from appellees' alleged failures to abide by the CBA, are nevertheless unsupported by the record. Appellant was never examined by the doctor he found objectionable, he was provided due process prior to being disciplined, and could have challenged the merits of his suspensions and demotion in the common pleas court if he had abided by the appeals process set forth in R.C. 124.34. Additionally, we find that appellees established a need for a psychological examination to determine appellant's fitness to perform his duties with the fire department because, while on medical leave, appellant called into question his mental state in an April 29, 2002, letter written to the fire chief, which stated: *Page 9 
 {¶ 18} "Since approximately October of last year, my physical health has affected my mental health. Being in a constant state of pain made it difficult to think rationally at times, especially in matters that may seem trivial to some."
 {¶ 19} Accordingly, we find that appellant has failed to establish any constitutional violations, and that R.C. 124.34 provided the method for appeal from appellant's suspensions and demotion. Unfortunately, because appellant failed to perfect his appeal from the commission's decision to the common pleas court within 30 days from the commission's decision, we find that the trial court lacked jurisdiction to entertain appellant's causes of action. Thus, although the trial court failed to consider its jurisdiction and appellant's constitutional arguments, and erroneously considered the merits of appellant's suspensions and demotion, we nevertheless find that the city was entitled to summary judgment as a matter of law. Appellant's sole assignment of error is therefore found not well-taken.
 {¶ 20} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
 JUDGMENT AFFIRMED. *Page 10 
Jenkins v. City of Sandusky C.A. No. E-07-067
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J. CONCUR.
[1] Appellant additionally sued his union, the union's president, Brian C. Crandall, and union secretary, Matthew Wright. Summary judgment was granted in favor of each defendant; however, appellant only appeals the trial court's grant of summary judgment as to the city and Schultz.
[2] We note, however, that after being disciplined, appellant did submit to a psychological examination with a mutually agreed upon doctor, and was found competent to return to work.
[3] Appellant had requested public records in May 2002 and was informed by Schultz that the cost for copies of these records would be $162. In response, appellant left a phone message for Schultz with Lisa Hoffman, Human Resource Specialist, inquiring whether Schultz pulled the cost of copies "out of his [ass/butt]."
[4] We note that, although appellees argued the incorrect statutory section below and on appeal, a matter of subject matter can never be waived, because it ""`goes to the power of the court to adjudicate the merits of a case,'" Rosen v. Celebrezze, 117 Ohio St.3d 241,2008-Ohio-853, at ¶ 45, quoting Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio1980, at ¶ 11. In any event, we also note that in their 12th and 13th affirmative defenses, appellees raised both the issue of appellant's inability to proceed with his cause of action pursuant to R.C. 124.34, and subject matter jurisdiction. *Page 1