[Cite as *Black v. Calvert*, 2016-Ohio-2712.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SUSAN K. BLACK, CO-TRUSTEE OF THE SUSAN K. BLACK TRUST AGREEMENT, ET AL. | JUDGES: Hon. Sheila G. Farmer, P.J. Hon. William B. Hoffman, J. Hon. Craig R. Baldwin, J. |
| Plaintiffs-Appellants | Case No. 15-CA-42 |
| -vs- | |
| AMY CALVERT, SECRETARY, BOARD OF ZONING APPEALS, ET AL. | O P I N I O N |
| Defendants-Appellees | |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Court of Common Pleas, Case No. 15CV290

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      April 25, 2016

APPEARANCES:

For Plaintiffs-Appellants

RAY R. MICHALSKI
222 South Broad Street
Lancaster, Ohio 43130

`

For Defendants-Appellees
Margaret E. Hill, Trustee

JONATHAN C. CLARK
DANIEL A. YARMESCH
130 E. Chestnut St.
PO Box 1405
Lancaster, Ohio 43130

And

For Defendants-Appellees
Amy Calvert, Secretary Board of Zoning

R. KYLE WITT
Law Director & City Prosecutor's Office
City of Lancaster, Ohio
PO Box 1008
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Appellants Susan K. Black, Co-Trustee of the Susan K. Black Trust Agreement, Dated July 17, 2000, as amended, et al., appeal the July 8, 2015 Entry entered by the Fairfield County Court of Common Pleas, which dismissed their administrative appeal. Appellees are Amy Clavert, Secretary, Board of Zoning Appeals, et al.

STATEMENT OF THE FACTS AND CASE

{¶2} The Elizabeth H. Smith Trust dated September 4, 2010 ("the Trust") owns property located at 1531 Lancaster-Newark Road, Lancaster, Ohio ("the Property"). The Property is situated across from a branch campus of the Ohio University and is zoned Commercial General. Lancaster City Ordinance ("LCO") 1133.03(c)(2) provides, under appropriate circumstances, land which is zoned Commercial General may be granted a special exception for use of multi-family residences. Appellee Margaret E. Hill, who is Trustee of the Trust, contracted with Annex Student Living, LLC, for the sale of the Property. Annex Student Living proposed to construct a three story apartment building to house students attending the branch of Ohio University.

{¶3} On February 23, 2015, in order to expedite a sale of the Property, Appellee Hill filed an application with the City of Lancaster, Ohio, for such a special exception. The Lancaster City Board of Zoning Appeals ("the BZA") scheduled a hearing on the application for April 7, 2015. Notice of the filing of the application and of the public hearing before the BZA was given to Appellants, among others. Appellants received the notices because they own land which adjoins and abuts the Property.

{¶4} On April 7, 2015, Appellants, through counsel, appeared at the hearing and stated their opposition to the special exception. Appellants did not present any evidence the special exception would inhibit an existing use of their property, but instead, expressed concerns the special exception might make it more difficult for them to develop their adjacent commercial property in the future. At the conclusion of the hearing, the BZA publically voted to approve Appellee Hill's application and granted the special exception.

{¶5} On May 7, 2015, the thirtieth day after the BZA entered and noticed its decision, and in accordance with R.C. 2505.07, Appellants filed a Notice of Appeal with the Fairfield County Court of Common Pleas Court.

{¶6} On June 18, 2015, Appellees filed a Motion to Dismiss the appeal for lack of subject matter jurisdiction, asserting the appeal was not filed within ten (10) days of the BZA's decision as provided by LCO 1157.11. Appellees claimed the terms of the ordinance control over R.C. 2505.07 as the statute provides the time requirement contained therein will apply "unless otherwise provided by law" and because of the Home Rule provisions of the Ohio Constitution. On June 15, 2015, Appellants filed a memorandum in opposition to Appellees' motion.

{¶7} Via Judgment Entry filed July 8, 2015, the trial court granted Appellees' motion and dismissed Appellants' appeal. The trial court found R.C. 2505.07 provides for modification of the thirty (30) day perfection period by other laws.

{¶8} It is from this judgment entry, Appellants appeal, assigning as error

THE TRIAL COURT ERRED IN DISMISSING APPELLANTS' ADMINISTRATIVE APPEAL FOR LACK OF SUBJECT MATTER

JURISDICTION BECAUSE THE NOTICE OF APPEAL WAS FILED
WITHIN THE THIRTY (30) DAY TIME LIMIT PROVIDED BY R.C. 2505.07,
RATHER THAN THE TEN (10) DAY TIME PERIOD PRESCRIBED BY
LANCASTER CITY ORDINANCE 1157.11.

I

**{¶9}** We review the trial court's decision on a motion to dismiss for lack of subject matter jurisdiction de novo. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004–Ohio–4362, 814 N.E.2d 44, ¶ 5.

**{¶10}** R.C. 2505.07 provides:

**{¶11}** After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, *unless otherwise provided by law*, is *thirty days.* (Emphasis added).

**{¶12}** LCO 1157.11 provides, in pertinent part:

**{¶13}** (a) Procedure. An appeal from any action, decision, ruling, judgment, or order of the Board of Zoning Appeal may be taken by any person or persons aggrieved, or any taxpayer or any officer, department, board or bureau of the City to the Common Pleas Court of Fairfield County by filing with the City Clerk and with the Clerk of the Board *within ten days* from the date of such action, a notice of appeal, which notice shall specify the grounds of such appeal. (Emphasis added).

**{¶14}** The trial court dismissed Appellants' appeal, finding, "While O.R.C. Section 2505.07 provides for a thirty day period, it also states 'unless provided by law.' Since

[LCO 1157.11] is in place specifying ten days rather than thirty days, this Court lacks subject matter jurisdiction over the matter." July 8, 2015 Entry.

{¶15} We find the inclusion of the phrase "unless otherwise provided by law" in R.C. 2505.07 does not grant the City of Lancaster the authority to modify the 30–day period set forth in that statute. See, *Baker v. Mad River Twp. Bd. of Zoning Appeals*, Champaign App. No. 2008 CA 16, 2009-Ohio-3121. See, also, *Austin Square, Inc. v. Board of Zoning of Barberton* (1967), 12 Ohio Misc. 129. The phrase "unless otherwise provided by law" refers to an appeal period as set forth in another state statute. See, e.g., *Iannarelli v. City of Wooster* (1985), 18 Ohio St.3d 319, 320 (holding R.C. 124.34, rather than R.C. 2505.07, governs appeals of suspensions by members of fire departments).

{¶16} The Ohio Supreme Court's holding in *Village of Brewster v. Hill* (1934), 128 Ohio St. 354, 191 N.E. 366, supports our decision.  Therein, the Ohio Supreme Court held the term "law" used in various sections of the Ohio Constitution and embraced in the phrase "laws may be passed", applies to statute law only and not to local municipal laws or ordinances. Id. at 367. To conclude otherwise would allow each administrative board or other division of a political subdivision to determine its own time to appeal, rendering R.C. 2505.07 meaningless. To the extent LCO 1157.11 attempts to reduce the 30–day period set forth in R.C. 2505.07, we find LCO 1157.11 is in conflict with R.C. 2505.07, and the statute takes precedence. See, *Dayton v. State*, 157 Ohio App.3d 736, 2004-Ohio-3141, at para. 83 (setting forth the test for when a state statute takes precedence over a local ordinance).

{¶17} Based upon the foregoing, we find the trial court had subject matter over Appellants' appeal.

{¶18} Appellants' sole assignment of error is sustained.

{¶19} The judgment of the Fairfield County Court of Common Pleas is reversed

and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, J.

Farmer, P.J.  and

Baldwin, J. concur