HORTON, Judge.
The appellants, plaintiffs below, received a favorable jury verdict in an action upon an insurance contract for loss allegedly occasioned by lightning striking the seawall on appellants’ property causing it to collapse. The appellee moved for a directed verdict at the close of the trial and it was denied. After the jury verdict appellee renewed its motion for directed verdict or, in the alternative, a new trial. The trial judge set aside the jury verdict, granted a judgment in favor of appellee, and in the alternative, granted a new trial in the event the judgment in appellee’s favor was reversed on appeal. It is from the final judgment and order that appellants have prosecuted this appeal.
The policy provisions under which appellant sought to recover insured against “all direct loss by the perils defined” and among such perils was lightning.
The appellee contends (1) that no evidence was produced that lightning struck the seawall; (2) that appellee’s expert witness established conclusively that the seawall collapsed from causes other than lightning; and (3) that the credibility of appellants’ witnesses or some of them was placed in serious doubt. Therefore, as a matter of law, the trial court was correct in directing a verdict and entering judgment for the appellee.
The testimony of appellants’ witnesses varied to the extent of describing the light *33 ning as striking near the seawall, near a chain link fence, or near a hedge, hut all in the immediate vicinity of the seawall. None of the witnesses could definitely state that lightning struck the seawall and there was no other evidence of a direct strike. These same witnesses who were present when the lightning struck described how the seawall slid into the canal almost immediately following the flash.
Our examination of the record fails to convince us that the evidence is so clear, convincing and without conflict as to establish as a matter of law that appellee was entitled to a directed verdict. The jury was entitled to reject the testimony of appellee’s expert who testified that the seawall collapsed from causes other than lightning and to believe, if they chose, appellants’ and their witnesses’ version of the disaster. The credibility as well as the probative weight and effect of witnesses’ testimony are matters exclusively within the province of a jury to decide. A case should never be taken from a jury and a verdict directed unless there is no evidence on which a jury could lawfully find for the party moved against. See Brookbank v. Mathieu, Fla.App.1963, 152 So.2d 526, 528.
The able trial judge, in granting a new trial, specified as grounds for granting the motion that the verdict was (1) contrary to the manifest weight of the evidence ; (2) based upon evidence which was uncertain, speculative, remote, contingent and inconclusive; and (3) based upon an inference raised upon an inference. In reviewing an order granting a new trial, the appellate court is confined to the grounds ■specified by the trial judge for granting such an order. Section 59.07(4), Fla.Stat., F.S.A. We must test his order against the well recognized principle that unless the appellant has demonstrated an abuse of discretion, the order awarding a new trial should stand. See Pyms v. Meranda, Fla. 1957, 98 So.2d 341. Bearing in mind the broad discretion vested in the trial judge to grant a new trial and after an examination of this record, we cannot say with any degree of certainty that the trial judge abused his discretion. The burden of demonstrating an abuse of discretion was upon appellants’ and they have failed to carry that burden.
It follows that the portion of the order directing a verdict in favor of appellee and the judgment based thereon are reversed. That portion of the order granting a new trial is affirmed.
Affirmed in part and reversed in part.