233 So.2d 833 (1970)
Eva M. HARRIS, a Widow, Petitioner,
v.
CAROLINA LIFE INSURANCE COMPANY, a South Carolina Corporation, Authorized to Do Business in the State of Florida, Respondent.
No. 39100.
Supreme Court of Florida.
April 1, 1970.
Rehearing Denied May 4, 1970.
Marvin E. Newman and Jon S. Rosenberg, Jacksonville, for petitioner.
H. Terrell Griffin, of Maguire, Voorhis & Wells, Orlando, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to the District Court of Appeal, Fourth District. Petitioner alleges that the decision of the District Court reported at 226 So.2d 710, creates conflict with Mason v. Life and Casualty Co. of Tennessee, 41 So.2d 153 (Fla. 1949).
Petitioner, plaintiff below, was the beneficiary of an accidental death policy issued by respondent, defendant below, on petitioner's husband as the insured. While the policy was in effect, the insured was killed in the collision of a vehicle in which he was riding as a passenger. At the time of the insured's death, he was under the influence of intoxicating alcohol but all parties concede that there was no causal connection between such condition and the insured's death. The policy contained an exception in the following language:
"EXCEPTIONS
"Death * * * resulting directly or indirectly, wholly or partially from any of the following causes are risks not assumed under this policy:
"* * *

*834 "* * *
"c. Bodily injury while under the influence of alcohol or drug * *."
The trial court held that there was no coverage and granted summary judgment for the respondent insurer in a suit on the policy. The District Court affirmed holding that under the language of the exception clause in the policy it was not necessary that there be causal connection between the insured's intoxication and his death. The District Court distinguished the Mason case on the grounds that a different type of clause, one excluding coverage where death resulted directly from the use of intoxicating liquors, was involved in that case.
The policy in the Mason case provided:
"This Accidental Death Benefit does not cover * * * death resulting directly from the use of intoxicating liquors or narcotics * * *."
In that case, the insured, while in an intoxicated condition, took a cab, rode to a thinly settled place on the highway outside the City of Pensacola, stopped the cab, got out and walked down the paved portion of a traveled highway in a place of danger from traffic without taking reasonable precautions for her own safety. While she was walking down the highway she was struck by a truck properly using the highway and killed. This Court held that the provision of the policy excluding coverage for death resulting directly from the use of intoxicating liquors referred to the effects of the use of intoxicating liquors upon the system of an assured, as distinguished from acts committed by him because he was under the influence of, or his mind being affected by, intoxicants. This Court held that the facts alleged did not meet the burden of proof imposed upon the insurer to bring the death within the exception clause of the policy and stated:
"To bring a case of death within such an exception clause of a policy the burden is on the insurer to show that the use of intoxicants by the assured was voluntary and that it was the direct cause of death."[1]
While the facts in the Mason case would probably be sufficient to show death indirectly related to intoxication under the provisions of the policy in the instant case, the facts in the instant case clearly do not. Despite the difference in language in the policy provision, the cases do conflict.
The decision of the District Court below represents one interpretation that can be placed on the exclusionary provision in question. Another interpretation, that urged by petitioner herein, is also consistent with the language of the policy, to-wit: That there must be some connection between the death and the use of alcohol or drugs, even though that causal connection be very slight or remote. Petitioner states that the use of the terminology "directly or indirectly, wholly or partially" indicates some causal connection was intended by the parties to the contract.
The exclusionary provision is, at best, misleading. The average person would assume that the language under consideration excluded liability for death related directly or indirectly to the use of drugs or alcohol. The interpretation urged by respondent, on the other hand, would even deny liability for the accidental death in an automobile collision of a person being transported in an ambulance simply on the ground that the victim of the accident was under sedation at the time. Language in contracts, drawn by reasonable men, should not be given an unreasonable construction.
In view of this, and being mindful of the rule requiring that ambiguous provisions of an insurance policy be liberally construed in favor of the insured, we hold that the insurance company has the burden to show some causal relationship between the death and the intoxication *835 in order for the exclusionary provision to be effective.
Accordingly, certiorari is granted and the decision of the District Court is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, C.J., and ROBERTS and THORNAL, JJ., concur.
DREW, J., dissents with opinion.
DREW, Justice (dissenting).
In plain, unequivocal language the parties to this contract agreed that "Bodily injury, while under the influence of alcohol or drug" is "a risk not assumed under the policy." The effect of the majority opinion is to change this solemn contractual provision to read "Bodily injury while under the influence of alcohol or drug" is "a risk assumed under this policy."
While we have the power to construe and interpret ambiguous contracts, we do not have the right  even though we do have the power  to rewrite a contract to mean something that it clearly says it doesn't mean. In my considered judgment, we have done just that.
I am in complete accord with the views expressed in the majority opinion of the District Court.
NOTES
[1] 41 So.2d 153, 155 (Fla. 1949).