GRIMES, Judge.
The plaintiffs (appellants) sued for damages to their swimming pool which resulted after defendants (appellees) raised their immediately adjacent property by about six feet in the course of building a residence thereon. Two of plaintiffs’ experts testified that the addition in vertical distance between the properties increased the underlying ground water pressure to the extent that it cracked the side of the plaintiffs’ nearby swimming pool. By comparing previous topographical surveys with the existing site, one of these witnesses estimated that the defendants must have utilized approximately six hundred cubic yards of fill in the construction of their residence even though their variance permit had authorized only two hundred fifty cubic yards. Thus, while the testimony was conflicting, there was competent substantial evidence of the defendants’ unreasonable use of their property to the detriment of their neighbors. See Cason v. Florida Power Co., 74 Fla. 1, 76 So. 535 (1917) (upholding a cause of action against the defendant’s unreasonable use of its property which resulted in raising the water table on the plaintiff’s land). The court erred in granting the defendants’ motion for judgment in accordance with motion for directed verdict.
*1063 We reverse the judgment for defendants and direct that the $16,900 jury verdict be reinstated. Upon remand, the trial judge may rule on the pending motion for new trial.[1]
BOARDMAN, A.C.J., and CAMPBELL, J., concur.

. It would have been preferable for the judge to have ruled on the motion for new trial at the same time as he granted the defendants’ other motion. Navarro v. City of Miami, 402 So.2d 438 (Fla. 3d DCA 1981). If he had granted a new trial, the priority of that order could have been tested on this appeal, whereas in the event of a subsequent order granting a new trial, the plaintiffs will be entitled to another appeal. Fla.R.App.P. 9.110(a)(3).