527 So.2d 1386 (1988)
Kurt WALLACH and Old Republic Insurance Company, Appellants,
v.
Barbara ROSENBERG and Ralph Rosenberg, Appellees.
No. 87-608.
District Court of Appeal of Florida, Third District.
June 14, 1988.
Rehearing Denied July 26, 1988.
Joe N. Unger, Shea & Gould, Miami, for appellants.
Morgan, Lewis & Bockius and Robert M. Brochin and Nancy A. Copperthwaite, Miami, for appellees.
Before BARKDULL, FERGUSON and JORGENSON[*], JJ.
FERGUSON, Judge.
This is an appeal from a jury verdict finding Wallach liable for negligence and Old Republic Insurance Company liable for breach of contract.
The Rosenbergs and Wallach own adjoining property on an island that was encircled by a continuous sea wall. On a stormy day in June, 1983, Wallach's sea wall collapsed, precipitating a domino-like crumbling of a portion of the Rosenbergs' sea wall. The Rosenbergs filed suit against Wallach maintaining that Wallach breached his duty to use reasonable care in maintaining his premises. They also filed a *1387 claim under their all-risk homeowner's policy with Old Republic. The insurer denied coverage contending that although the policy insured against "all risk of physical loss to the property," certain exclusions in the policy precluded coverage "for loss resulting directly or indirectly ... from earth movement ... or water damage... ."
At trial the plaintiffs sought to prove that their loss was caused by Wallach's negligence, an event covered under their all-risk policy. The defendants sought to convince the jury that the proximate cause of the Rosenbergs' loss was earth movement or water pressure caused by the storm  risks specifically excluded from coverage under the policy. Experts theorized that water from the storm saturated the soil behind Wallach's wall exerting pressure greater than the weak wall could withstand. Experts for both sides testified that Wallach's sea wall either did not have supporting tie-rods, or that the tie-rods were so deteriorated that they were inadequate to support the wall. All the experts agreed that if the tie-rods had been in good condition Wallach's wall would not have collapsed and the damage to the Rosenbergs' property would not have occurred.
Based on that testimony defense motions for a directed verdict on the issues of coverage and negligence were denied. The jury was instructed that "Old Republic has the burden of proof to show by the greater weight of the evidence that the exclusion in the insurance policy was the sole, proximate cause of damage or loss to the property." A verdict was returned finding Wallach negligent and Old Republic in breach of the insurance contract.
The defendants raise several points on appeal. First, they contend that the trial court erred in failing to direct a verdict for the insurer where the evidence showed that the efficient, or proximate cause of the loss was unambiguously excluded by the policy. Here, argue the defendants, a concurrence of causes produced the damage: water or earth movement (excluded risks) and the neighbor's negligence (a covered risk). These forces combined, they maintain, to cause the catastrophe. Additionally, the defendants contend that the weather factor was the efficient cause of the loss, and "where there is a concurrence of different causes, the efficient cause  the one that sets others in motion  is the cause to which the loss is to be attributed... ." Hartford Accident and Indem. Co. v. Phelps, 294 So.2d 362, 364 (Fla. 1st DCA 1974) (quoting Sabella v. Wisler, 59 Cal.2d 21, 27 Cal. Rptr. 689, 377 P.2d 889 (1963)).
On that theory Old Republic was not entitled to a directed verdict. There is competent evidence which suggests that the defective wall, as well as the heavy rainfall, could have been the efficient cause of the loss. Where reasonable persons can draw different conclusions, the question as to which of several causes contributing to a loss is the efficient or proximate cause, is one for the jury. 18 G. Couch, Couch on Insurance 2d § 74:701 (rev. ed. 1983); Gelfo v. General Accident Fire & Life Assurance Corp., 167 So.2d 31 (Fla. 3d DCA 1964) (jury entitled to reject testimony of insurance company's expert that sea wall collapsed not from lightning, an insured peril, but from other causes).
The appellants' second contention is that where concurrent causes join to produce a loss and one of the causes is a risk excluded under the policy, then no coverage is available to the insured. We reject that theory and adopt what we think is a better view  that the jury may find coverage where an insured risk constitutes a concurrent cause of the loss even where "the insured risk [is] not ... the prime or efficient cause of the accident." 11 G. Couch, Couch on Insurance 2d § 44:268 (rev. ed. 1982). This view was adopted by the Supreme Court of California sitting en banc in State Farm Mutual Automobile Insurance Co. v. Partridge, 10 Cal.3d 94, 109 Cal. Rptr. 811, 514 P.2d 123 (1973).
In Partridge a passenger in a car was injured when the driver negligently drove off a road, hit a bump, and caused a gun to discharge a bullet into the passenger's spine. The driver had negligently filed the gun's trigger mechanism to give it a "hair trigger action." An issue at trial was *1388 whether coverage was available under the tortfeasor's homeowner's policy which specifically excluded coverage for injuries arising out of the use of a motor vehicle but provided coverage for the negligent filing of the trigger mechanism. The California supreme court held that where an insured risk and an excluded risk jointly caused the accident, coverage was available under the policy, stating:
"Although there may be some question whether either of the two causes in the instant case can be properly characterized as the `prime,' `moving' or `efficient' cause of the accident, we believe that coverage under a liability insurance policy is equally available to an insured whenever an insured risk constitutes simply a concurrent proximate cause of the injuries. That multiple causes may have effectuated the loss does not negate any single cause; that multiple acts concurred in the infliction of injury does not nullify any single contributory act."
Partridge, 10 Cal.3d at 104, 109 Cal. Rptr. at 818, 514 P.2d at 130 (original emphasis). The court distinguished the facts in Partridge from the facts in Sabella v. Wisler, 59 Cal.2d 21, 27 Cal. Rptr. 689, 377 P.2d 889 (1963), on which Old Republic relies. Sabella held that where there is a concurrence of different causes, it is the efficient cause that is the cause to which the loss is attributed. The California court found the efficient cause language in Sabella to be of little assistance in cases where both causes of the harm are independent of each other (the filing of the trigger did not "cause" the negligent driving or vice versa, but the two acts combined to cause the accident). Partridge, 10 Cal.3d at 104 n. 10, 109 Cal. Rptr at 818 n. 10, 514 P.2d at 130 n. 10.
We agree with the California court that the efficient cause language set forth in Sabella and cited by Hartford Accident & Indem. Co. v. Phelps, 294 So.2d 362 (Fla. 1st DCA 1974), offers little analytical support where it can be said that but for the joinder of two independent causes the loss would not have occurred. Where weather perils combine with human negligence to cause a loss, it seems logical and reasonable to find the loss covered by an all-risk policy even if one of the causes is excluded from coverage. See Safeco Ins. Co. v. Guyton, 692 F.2d 551 (9th Cir.1982) (coverage was available where a covered risk, negligent maintenance of flood control structures, combined with an excluded risk, a flood, to cause a loss). See also Mattis v. State Farm Fire & Casualty Co., 118 Ill. App.3d 612, 619, 73 Ill.Dec. 907, 911, 454 N.E.2d 1156, 1160 (Ill. App.Ct. 1983) ("Where a policy expressly insures against loss caused by one risk but excludes loss covered by another risk, coverage is extended to a loss caused by the insured risk even though the excluded risk is a contributory cause.").[1] There is no contention here that the policy contains a provision which specifically excludes coverage where a covered and an excluded cause combine to produce a loss.
Another factor weighing in the insured's favor is the liberal construction generally given all-risk insurance contracts. The term all-risk is given a broad and comprehensive meaning. Phoenix Ins. Co. v. Branch, 234 So.2d 396, 398 (Fla. 4th DCA 1970). An all-risk policy provides "a special type of coverage extending to risks not usually covered under other insurance" and coverage is available for all loss not resulting from the insured's wilful misconduct or fraud unless the policy contains "a specific provision expressly excluding the loss from coverage." Id. Once the insured establishes a loss that appears to be within the terms of the all-risk policy, the burden is on the insurer to prove that the loss was caused by an excluded risk. Hudson v. Prudential Property & Casualty Ins. Co., 450 So.2d 565, 568 (Fla. 2d DCA 1984).
*1389 Starting with the well-settled law in Florida that exclusionary clauses are construed more strictly than coverage clauses, Demshar v. AAACon Auto Transport, Inc., 337 So.2d 963, 965 (Fla. 1976), the insurer's burden is even heavier under an all-risk policy. Further, exclusionary clauses that are uncertain in meaning are construed in favor of the insured. State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245, 1248 (Fla. 1986) (for a collection of cases construing the term earth movement to be ambiguous see Annotation, 44 A.L.R.3d 1316 (1972)).
Next Old Republic contends that the jury instruction imposing upon the insurer "the burden of proof to show by the greater weight of the evidence that the exclusion in the insurance policy was the sole, proximate cause of damage or loss to the property ..." was incorrect. A similar instruction was given in Vormelker v. Oleksinski, 40 Mich. App. 618, 199 N.W.2d 287 (Mich. Ct. App. 1972). A key issue was whether the collapse of the plaintiffs' house was due to improper construction (a covered event under the policy) or earth movement (an excluded event). The jury was instructed that it could find more than one proximate cause of the loss; however, the judge also directed the jury to return a verdict for the insurer if they found that earth movement was the sole proximate cause of the collapse. The defendant argued that because earth movement could never be the sole cause of a collapse, the effect of the jury charge was to direct a verdict for the plaintiff. Approving the instruction the appellate court wrote:
It is our opinion that the exclusions contained in the policy apply only when it can be shown that earth movement et cetera was the sole cause of the damage. If it can be shown that the building was improperly constructed ... and "but for" the inadequate construction the building would not have collapsed even with the earth movement, then the damage should come under the protection of the policy.
Vormelker, 199 N.W.2d at 294.
We agree with Vormelker and approve the charge. See also Fireman's Fund Ins. Co. v. Hanley, 252 F.2d 780, 786 (6th Cir.1958) (approving charge that if damage to property resulted from combination of causes under and outside coverage, insureds are entitled to recover under all-risk policy).
The appellants' final contention is that the trial court erred in failing to direct a verdict on the issue of Wallach's negligence because "the uncontradicted evidence established that he had ... [no] reason to know of the latent defect in the sea wall." On review of the record we find that there was more than sufficient evidence for the court to submit the issue of negligence to the jury. See Van Dusen v. Dobson, 457 So.2d 1062 (Fla. 2d DCA 1984); Dock & Marine Constr. Corp. v. Parrino, 211 So.2d 57 (Fla. 3d DCA 1968) (evidence was sufficient for jury to find for plaintiff whose sea wall collapsed because adjacent sea wall was removed in negligent manner). Ordinarily, it is the province of the jury to determine whether a defendant has breached a duty owed to a plaintiff. Jackson v. Williams, 385 So.2d 190 (Fla. 5th DCA 1980). Cf. Banat v. Armando, 430 So.2d 503 (Fla. 3d DCA 1983) (whether a defendant breached a duty is a question of law where reasonable persons could not differ), rev. denied, 446 So.2d 99 (Fla. 1984). In this case reasonable persons could have reached different conclusions.
Affirmed.
NOTES
[*] Judge Jorgenson participated in the decision but did not hear oral arguments.
[1] Accord Essex House v. St. Paul Fire & Marine Ins. Co., 404 F. Supp. 978 (S.D.Ohio 1975); General Am. Transp. Corp. v. Sun Ins. Office, Ltd., 239 F. Supp. 844 (E.D.Tenn. 1965), affirmed, 369 F.2d 906 (6th Cir.1966); Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co., 361 N.W.2d 446, 450 (Minn. Ct. App. 1985), affirmed as modified, 383 N.W.2d 645 (Minn. 1986); Kraemer Bros., Inc. v. United States Fire Ins. Co., 89 Wis.2d 555, 570, 278 N.W.2d 857, 863-64 (Wis. 1979).