United States Court of Appeals,

Eleventh Circuit.

No. 96-4262.

Donna Jo HASTIE, Plaintiff-Appellant,

v.

J.C. PENNEY LIFE INSURANCE COMPANY, Defendant-Appellee.

June 20, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-10047-CIV-KING), James Lawrence King, Judge.

Before TJOFLAT and BARKETT, Circuit Judges, and GODBOLD, Senior Circuit Judge.

BARKETT, Circuit Judge:

Appellant Donna Jo Hastie ("Hastie") appeals the district court's order granting summary judgment in favor of J.C. Penney Life Insurance Company ("J.C. Penney") in her declaratory action seeking benefits under two accidental death policies issued by J.C. Penney. The district court's judgment was based on an intoxication exclusion in Hastie's insurance policy. Hastie argues on appeal that Florida law, as established in *Harris v. Carolina Life Ins. Co.,* 233 So.2d 833 (Fla.1970), requires an insurer not only to prove an intoxicated status, but to prove a causal connection between the intoxication and the cause of the accident resulting in the insured's death in order to deny benefits under an accidental death policy containing an intoxication exclusion.

Background

On September 1, 1991, Douglas Hastie, Jr., the Appellant's husband, died moments after his motorcycle collided with the rear of a vehicle that had switched into his lane. Upon impact, Douglas Hastie was thrown over the vehicle, landing on the pavement. He suffered multiple head injuries and died moments later. The death certificate listed "multiple blunt traumatic injuries" as the immediate cause of death, "motorcycle-motor vehicle accident" as the "underlying cause" of death and "acute alcohol intoxication" as a "significant condition contributing to death but not resulting

in the underlying cause." The autopsy report revealed a blood alcohol level of .254.[1] The driver of the vehicle, Anaira Taylor, pled guilty to failure to yield the right-of-way.

At the time of his death, Douglas Hastie was insured under two accidental death policies issued by J.C. Penney. Policy # 25161 provides coverage in the amount of $40,000 and policy # 25104 provides $50,000 in coverage. Donna Jo Hastie is the beneficiary under both policies. Each policy contains an intoxication exclusion. Policy # 25161 states, "[n]o benefit shall be paid for Loss caused by or resulting from ... an Injury occurring while the Covered Person is intoxicated...." Policy # 25104 states, "[n]o benefit shall be paid for any loss ... which is caused by or results from ... an Injury occurring while the Covered Person is intoxicated...."

The district court entered summary judgment in favor of J.C. Penney stating:

> The policy exclusions relate to the status of the insured and not to the cause of death. Consequently, it is of no moment that there is conflicting evidence as to the cause of the accident. Because decedent's loss resulted from an injury that occurred while he was intoxicated, Plaintiff is barred from recovery under the policies at issue.

## Discussion

This Court reviews a district court's grant of summary judgment *de novo. Southern Solvents, Inc. v. New Hampshire Ins. Co.,* 91 F.3d 102, 104 (11th Cir.1996). In this diversity case we must determine the controlling substantive law of Florida. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

We conclude that under Florida law reversal is mandated pursuant to *Harris v. Carolina Life Ins. Co.,* 233 So.2d 833 (Fla.1970). In *Harris,* the insured, who was intoxicated at the time of his death, was killed in a motor vehicle accident while he was riding as a passenger. At the time of the accident, the decedent was insured under an accidental death policy which contained the following exclusion: "Death ... resulting directly or indirectly, wholly or partially from any of the following causes are risks not assumed under this policy: (c) Bodily injury while under the influence of alcohol or drug...." *Id.* at 833-34.

The insurance company in *Harris* argued, as does J.C. Penney here, that the decedent's *status*

---

[1]The legal limit in Florida for driving a motor vehicle was .10 at the time of the accident. FLA.STAT. ch. 316.193 (1990) (Driving under the Influence).

as intoxicated triggered the exclusion.[2]  The Court unequivocally rejected that argument as patently unreasonable:

> The interpretation urged by respondent ... would even deny liability for the accidental death in an automobile collision of a person being transported in an ambulance simply on the ground that the victim of the accident was under sedation at that time.  Language in contracts, drawn by reasonable men, should not be given an unreasonable construction.

*Id.* at 834.  The Court then declared the language of the exclusion to be ambiguous, applied the rule of liberal construction in favor of the insured and held that the insurance company had the burden of showing some causal connection between the intoxication and the insured's death in order for the exclusion to be effective.  *Id.* at 834-35.  We see no significant difference between this case and *Harris* and, accordingly, REVERSE and REMAND for further proceedings consistent herewith.

---

[2]Alternatively, J.C. Penney argues that the causal connection required by *Harris* need only be between the intoxication and the death, not the intoxication and the accident resulting in death. Although we can conceive of immediate death exclusively caused by alcohol, e.g. acute alcohol poisoning, which would perhaps not implicate an accident insurance policy, there is nothing in the record to suggest that this is the factual context in this case as a matter of law.