786 So.2d 1280 (2001)
AMERICAN HERITAGE LIFE INSURANCE COMPANY, etc., Appellant,
v.
Ethel ENGLISH, Appellee.
No. 5D00-214.
District Court of Appeal of Florida, Fifth District.
June 22, 2001.
T. Geoffrey Heekin, Ann Krueger Smith, Eric L. McAliley of Bartlett, Heekin & Smith, P.A., Jacksonville, for Appellant.
Dock A. Blanchard of Blanchard, Merriam, Adel & Kirkland, P.A. Ocala, for Appellee.

UPON MOTION FOR REHEARING
PETERSON, J.
Appellant, Ethel English, has moved for rehearing, clarification and certification. We grant all three and substitute the following for our earlier opinion.
American Heritage Life Insurance Company (AHL) appeals a judgment awarding Ethel English the proceeds of a life insurance policy insuring the life of her son, Ned English, who died from injuries resulting from an automobile accident.
Ned and a friend had been at a bar for most of the night and were driving home when the accident occurred. It was around 4:00 a.m. and Ned was the driver of the friend's automobile because the friend "felt too intoxicated to drive." While Ned was driving, the automobile veered out of the eastbound lane, crossed the westbound lane, struck a mailbox, and came to a stop only upon striking an oak tree. By the time a paramedic arrived, Ned had exited the vehicle although he was seriously injured. He told the paramedic that he was the driver and had fallen asleep while driving. The paramedic noted the distinct smell of alcohol on Ned's breath and a blood-alcohol test result of .189 confirmed that he had been *1281 driving while under the influence. Tragically, Ned died from the injuries.
Ned's mother, Ethel, filed a claim for the proceeds of a life insurance policy issued by AHL. AHL denied the claim because the policy contained the following exclusion:
[This] policy does not cover any loss incurred as a result of:
d. Any injury sustained while under the influence of alcohol or any narcotic unless administered upon the advice of a physician.
Ethel then filed her compliant in the instant action and following a bench trial the court awarded the $20,000 proceeds to her.
Insurance policy exclusions targeting inebriated insureds have been considered by the Florida Supreme Court on several occasions. See Mason v. Life & Cas. Ins. Co. of Tenn., 41 So.2d 153 (Fla.1949) (Mason I); Mason v. Life & Cas. Ins. Co. of Tenn., 41 So.2d 155 (Fla.1949) (Mason II). Mason I and Mason II involved two separate insurance policies insuring the life of one person, Mason, who was riding in a taxicab while intoxicated. For no apparent reason, Mason ordered the cab driver to stop, exited the cab in a deserted area, and while walking along the highway was struck and killed by a truck properly using the highway. In Mason I, the accidental death policy did not cover "death resulting from the use of intoxicating liquors or narcotics," and in Mason II, the policy did not cover "loss or injury resulting from the use of intoxicating liquors." The supreme court interpreted this language to mean that the insurance company must show that the decedent voluntarily ingested the alcohol and that the use of the intoxicating liquor directly affected the system of the insured as distinguished from other acts committed while under the influence or his mind being affected by intoxicants.
In Harris v. Carolina Life Insurance Co., 233 So.2d 833 (Fla.1970), the insured decedent under an accidental life insurance policy was killed while intoxicated and riding as a passenger in an automobile. The policy excluded "bodily injury while under the influence of alcohol or drug." Logically, the supreme court found coverage because there was no causal relationship between the decedent's intoxication and the accidental death since he was merely a passenger in an auto driven by another. The court held that "the insurance company has the burden to show some causal relationship between the death and the intoxication in order for the exclusionary provision to be effective."
In the instant case, unlike the passenger in Harris, who had no control over the vehicle in which he was riding, Ned was the instrument that caused the vehicle to crash into an oak tree. Ned admitted to the paramedic that it was he who caused the accident, attributing it to falling asleep while he was driving. Whether he fell asleep as a result of fatigue or the effects of alcohol, we believe that AHL carried its Harris burden to show a causal relationship between death and intoxication. The proof of causal relationship was as close as could be proved without the decedent having announced before death that his intoxication caused him to hit the oak tree.
We are not unmindful that the Second District would probably disagree with us. In Blue Cross and Blue Shield of Fla., Inc. v. Steck, 778 So.2d 374 (Fla. 2d DCA 2001), Angela Steck was inebriated when she stepped off a curb to cross a busy multilane highway into the path of an oncoming vehicle that had the right-of-way. She received serious injuries and incurred in excess of $350,000 in hospital bills which Blue Cross, her health insurer, refused to pay because of an exclusionary clause in her policy:

*1282 This contract does not provide benefits for ... a condition resulting from you being drunk or under the influence of any narcotic unless taken on the advice of a physician.
The Second District engaged in an analysis of Mason I and Mason II and concluded that those two cases demonstrated that there are two types of injuries that may result from intoxication. It classified those two types of injuries as direct and indirect injuries: direct being injuries to the biological systems of a person such as acute alcohol poisoning or liver damage; and, indirect being such things as accidental injuries caused by the behavior of the person while intoxicated. The court concluded that the exclusion in the policy being reviewed was like the exclusion in Mason II and was not specific enough to exclude from coverage indirect injuries as well as direct injuries.
In view of the Harris challenge to insurance companies to support alcohol exclusionary clauses by carrying its burden to show a causal relationship between death and intoxication in a case in which a motor vehicle accident is involved, we believe AHL has satisfied its burden in this case. However, we also view the language in the Steck policy to be capable of interpretation in such a manner as to conflict with the decision in the instant case and therefore certify conflict.
We vacate the judgment and certify conflict with Steck.
REHEARING GRANTED; JUDGMENT VACATED; CONFLICT CERTIFIED.
SHARP, W. and PALMER, JJ., concur.