SHAW, J.
We have for review Blue Cross & Blue Shield of Florida, Inc. v. Steck, 778 So.2d 374 (Fla. 2d DCA 2001), based on apparent conflict with American Heritage Life Insurance Co. v. English, 786 So.2d 1280 (Fla. 5th DCA 2001). Both cases concern the applicability of an intoxication exclusion in an insurance policy. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
Upon further consideration, we find no conflict. Not only are the policy provisions [1] and factual underpinnings[2] of these two cases substantially different, the insurance policies themselves are different in kind. The policy in Steck was a health insurance policy; the policy in English was a fife insurance policy. The parties have cited specific statutory provisions governing intoxication exclusions in health *466 insurance policies,[3] but they have cited no similar statutory provisions governing intoxication exclusions in life insurance policies.
We dismiss Blue Cross & Blue Shield of Florida, Inc. v. Steck, 778 So.2d 374 (Fla. 2d DCA 2001).
It is’so ordered.
WELLS, C.J., and HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.

. The intoxication exclusion in Steck read a follows:
This contract does not provide benefits for ... a condition resulting from you being drunk or under the influence of any narcotic unless taken on the advice of a physician.
Steck, 778 So.2d at 375. The exclusion in English read as follows:
[This] policy does not cover any loss incurred as a result of:
d. Any injury sustained while under the influence of alcohol or any narcotic unless administered upon the advice of a physician.
English, 786 So.2d at 1281.

. Steck was injured when she stepped in front of an oncoming vehicle; English was killed in a single-car accident while driving a friend's car. Both Steck and English were intoxicated.

. See, e.g., §§ 627.618, .629, Fla. Stat. (2001).