PER CURIAM.
Marvin Carter seeks appellate review of an order that dismissed his petition for writ of habeas corpus. We dismiss the appeal and sanction Carter for his abuse of the judicial system.
This court issued an opinion in June 2001 prohibiting Carter from filing any further pro se petitions raising an issue that was either time barred or raised and resolved by an earlier appeal or petition. See Carter v. State, 786 So.2d 1280, 1281 (Fla. 4th DCA 2001). This court cautioned Carter that a violation would result in sanctions. See id.
We find that this appeal violates the prohibition outlined in Carter. Carter’s response to this court’s show cause order provides no reason to not dismiss this appeal. Accordingly, the appeal is dismissed.
We find further that Carter’s pro se activities have substantially interfered with the orderly process of judicial administration in this court. See Peterson v. State, 817 So.2d 838, 839-40 (Fla.2002); Armstead v. State, 817 So.2d 841, 842-43 (Fla.2002). In the exercise of our inherent power to prevent abuse of court procedure, Carter is prohibited from filing any document in this court on his own behalf, in this or any other case, as appellant or petitioner. The clerk of this court is directed to place any such filings in an inactive file with no further action to be taken. See Peterson, 817 So.2d at 839-40; Armstead, 817 So.2d at 842-43.
STONE, WARNER and HAZOURI, JJ., concur.