STEVENSON, C.J.
The Scripps Research Institute, Inc., a Florida corporation (“TSRI Florida”), challenges the trial court’s order granting final summary judgment in an action for declaratory relief in favor of The Scripps Research Institute, a California nonprofit public benefit corporation (“TSRI California”). In the final order, the trial court declared that only TSRI California could use the name “The Scripps Research Institute” and directed the Division of Corporations to dissolve TSRI Florida. Because the trial court improperly took judicial notice of the only evidence supporting TSRI California’s motion for summary judgment, we reverse.
TSRI California was incorporated in California in 1990. On October 9, 2003, Governor Jeb Bush announced that TSRI California had agreed to build a facility in Palm Beach County. Less than a month later, Virginia Scott incorporated in Florida a business entitled “The Scripps Research Institute, Inc.” Shortly thereafter, the president of TSRI Florida received a letter from the Division of Corporations, stating that in reference to “The Scripps Research Institute, Inc.,” “this office has determined that the above name is federally registered with the Patent and Trademark Office in Washington, D.C. and is owned by a California corporation by the same ■ name. Be aware that use of this name in Florida may cause you to be liable for infringement charges.”
On January 12, 2004, TSRI California filed an application to conduct business in Florida as “The Scripps Research Institute, a California nonprofit public benefit corporation, d/b/a Scripps Florida, Inc.” TSRI California subsequently filed a complaint, claiming that
[d]ue to [TSRI Florida’s]' improper use of • “The Scripps Research Institute” name, TSRI has been unable to register to do business in Florida under that name and has instead been required to register under another name. As a consequence, there is a- substantial risk that individuals who serve - as a source of funding to TSRI- will be confused by [TSRI Florida’s] improper use of “The Scripps Research Institute” name and that donations intended for 'TSRI may instead be made to [TSRI Florida], resulting in harm to the public, who benefits from the research activities performed by TSRI, as well as to TSRI.
TSRI California consequently sought a declaratory judgment that TSRI Florida could not use the name “The Scripps Research Institute” and requested the trial court enter an order that the Florida Department of State be required to dissolve TSRI Florida. Ultimately, the trial court granted summary judgment in favor of TSRI California.
Summary judgment is permissible if there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. See Volusia County v. Aberdeen at Ormond Beach, *990 L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment may also be granted in an action for declaratory judgment. See Blue Cross & Blue Shield of Fla., Inc. v. Steck, 778 So.2d 374 (Fla. 2d DCA 2001). Further, it is axiomatic that, the movant has the burden to produce sufficient evidence to sustain its motion for summary judgment. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). TSRI California failed to meet its burden in the instant case.
Here, the only documents submitted in support of the summary judgment were the items attached as. exhibits to TSRI California’s complaint and motion for summary judgment, which included: 1) State of California Secretary of State Certificate of Status Domestic Corporation, stating TSRI California became incorporated on October 19, 1990; 2) Articles of Incorporation filed in 1990 with California’s Secretary of State; 3) Certificate of Amendment of Articles of Incorporation; 4) TSRI Florida’s Articles of Incorporation filed on November 5, 2003; 5) TSRI California’s Application by foreign not for profit corporation for authorization to conduct. its affairs in Florida; 6) TSRI California’s application to conduct business in Florida using a different name; 7) Governor’s Office press release; 8) newspaper articles; -and 9) TSRI Florida’s correspondence in response to the November 25, 2003 letter from the Division of Corporations. In ruling on the motion for summary judgment, the trial court noted that it took “judicial notice of the records attached as exhibits to the Complaint” and of the notoriety of TSRI California’s plans “to construct and maintain a major research facility in Palm Beach County.” This was error.
It is true that a trial court may take judicial notice of certain governmental records and facts which are not subject to dispute because they are widely known within the territorial jurisdiction of the court. See § 90.202(5)-(7), (11), Fla. Stat. (2005). Nevertheless, certain procedural requirements must be met prior to the trial court taking judicial notice; the most important prerequisite being notice to the opposing party. When a party requests judicial notice of matters which may be judicially noticed, section 90.203 provides:
A court shall take judicial notice of any matter in s.90.202 when a party requests it and:
(1) Gives each adverse party timely written notice of the request, proof of which is filed with the court, to enable the adverse party to prepare to meet the request.
(2) Furnishes the court with sufficient information to enable it to take judicial notice of the matter.
Additionally, the court may take judicial notice of a matter on its own motion or may excuse the failure of a party requesting judicial notice to comply with the written notice provisions of section 90.203(1). Nonetheless, notice and a reasonable opportunity to be heard are still required. See § 90.204(1), Fla. Stat.
In the instant case, TSRI California did not request that the trial court take judicial notice of the exhibits attached to the complaint or “the fact that, in October 2003, it became generally known within Palm Beach County that Plaintiff had agreed to construct and maintain a major research facility in Palm Beach County.” Nor did the trial court afford TSRI Florida a reasonable opportunity to respond to its apparent decision to take judicial notice of the information on its own motion. Judicial notice was first addressed by the trial court during a colloquy with TSRI Florida’s counsel after the parties had presented their arguments:
THE COURT: Let me ask you another question having to do with the record. *991 I know you’ve indicated to me that your client’s motion was verified, that your clients filed an affidavit and there’s nothing that plaintiff filed that’s verified, there’s no affidavit from the plaintiff. However, in reviewing the evidence code, matters which may be judicially noticed, section 90.202, the Court may take judicial notice of the following matters: Subsection 12, facts that are not subject to dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. Plaintiffs attached to their complaint various corporate filings which, I presume, an argument could be made that they are capable of accurate and ready determination by resort to the sources; that is, checking with the secretary of state division of corporations.
Would you agree with me that the plaintiff can travel under 90.202, subsection 12 in order to at least create their record evidence?
[TSRI FLORIDA]: It should at least create their record evidence. However, they have not do[ne] so. It’s our position they have not done so.
The trial court recognized TSRI California did not cite section 90.202 in its reply memorandum,[1] but “presume[d] that was what [TSRI California] was traveling under.” TSRI California made no mention of judicial notice at the hearing on the motion for summary judgment.
In our view, TSRI California did not properly request that judicial notice be taken either prior to or at the hearing, and TSRI Florida was given neither fair warning that the trial court intended to take judicial notice on its own motion nor a reasonable opportunity to present information relevant to the propriety of taking judicial notice of the matters concerned. See § 90.204(1), Fla. Stat. Thus, the exhibits attached to the complaint and the known fact that TSRI California intended to do business in Florida were not properly judicially noticed and had no evidentiary force to support TSRI California’s motion for summary judgment. Accordingly, the final summary judgment on appeal is reversed.[2]

Reversed and Remanded for further proceedings.

WARNER and MAY, JJ., concur.

. In its reply memorandum, TSRI California stated:
Plaintiff has submitted no affidavit because none is necessary; the documents appended to Plaintiff TSRI's Complaint for Declaratory and Supplemental Relief and Motion for Summary Judgment provide ample (and uncontested) support for the final relief requested by TSRI.

. On appeal, TSRI Florida has chosen to simply address the procedural issues surrounding the order granting summary judgment. Therefore, we express no opinion as to the substantive merits of the final summary judgment.